AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
Middle District of Florida

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| | ) |
| **BENICIO GARCIA TELA,** | ) Case No.   8:21-mj-2251-AEP |
| **DANE DAGMAR HAINS CUTHBERT,** | ) |
| **CARLOS MIGUEL VILLEGAS RAMIREZ, and** | ) |
| **EMMANUEL CURBELO TAYLOR** | ) |
| *Defendant(s)* | ) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ December 16, 2021 _____ in the county of _____ Hillsborough _____ in the
_____ Middle _____ District of _____ Florida _____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 46 U.S.C. §§ 70503(a) and 70506 (a) and (b) | Conspiracy with intent to distribute five (5) kilograms or more of cocaine and 1000 kilograms or more of a mixture and substance containing a detectable amount of marijuana while on board a vessel subject to the jurisdiction of the United States. |

This criminal complaint is based on these facts:

**See affidavit attached.**

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Charles M. Russell, Special Agent, CGIS
*Printed name and title*

Sworn to before me over the telephone and signed by me pursuant to Fed.R.Crim. P. 4.1 and 4(d)

Date: 12/30/21

_____
*Judge's signature*

City and state:         Tampa, FL

ANTHONY E. PORCELLI, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Charles M. Russell, being duly sworn, depose, and state:

### Introduction and Agent Background

1.      I am a Special Agent with the Coast Guard Investigative Service ("CGIS"), and have been employed by CGIS since 1997. Since February of 2020, I have been assigned as a Special Agent to the Operation Panama Express Strike Force. Operation Panama Express is a federal Organized Crime Drug Enforcement Task Force ("OCDETF") composed of the following agencies: the Drug Enforcement Administration ("DEA"), the Federal Bureau of Investigation ("FBI"), Immigration and Customs Enforcement, Homeland Security Investigations ("HSI"), CGIS, the United States Coast Guard ("USCG"), and the United States Attorney's Office of the Middle District of Florida. Special Agents assigned to Operation Panama Express investigate Transnational Criminal Organizations that utilize maritime conveyances to smuggle illicit drugs through international waters of the Pacific Ocean and Caribbean Sea for later distribution into the United States of America.

2.      From 1997 through 2020, I was a CGIS Agent working in maritime counter-narcotic assignments in New Orleans, LA; Seattle, WA; San Diego, CA and Tampa, FL. Prior to being assigned to CGIS, I was employed as an enlisted member of the United States Coast Guard which included an assignment to a Coast Guard Cutter in Key West, FL that focused on maritime counter-narcotic missions.

## Statutory Authority

3.      I submit this affidavit in support of a criminal complaint charging that beginning on an unknown date and continuing through on or about December 16th 2021, while aboard a vessel subject to the jurisdiction of the United States, the defendants, BENICIO GARCIA TELA, DANE DAGMAR HAINS CUTHBERT, CARLOS MIGUEL VILLEGAS RAMIREZ, and EMMANUEL CURBELO TAYLOR, did knowingly and willfully combine, conspire, and agree with each other and with other persons, to distribute and possess with the intent to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, and 1000 kilograms or more of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance, in violation of Title 46, United States Code, Sections 70503(a) and 70506(a) and (b), and Title 21, United States Code, Section 960(b)(1)(B)(ii) and (b)(1)(G).

4.      The averments contained in this Affidavit are based on my personal knowledge and/or reliable information related to me by other law enforcement officers with whom I have worked on this investigation.  Because of the limited purpose of this Affidavit, however, I have not included each and every fact known to me or other law enforcement agents concerning this investigation.  I have included only those facts I believe are necessary to establish probable cause supporting the requested complaint.

2

## Probable Cause

5.     The United States Coast Guard ("USCG") has the authority under 14 U.S.C. § 522 to make inquiries, examinations, inspections, searches, seizures, and arrests upon the high seas and waters over which the United States has jurisdiction, in order to enforce United States law.

6.     On December 16th 2021, while on routine patrol in the Eastern Pacific Ocean in international waters, a maritime patrol aircraft spotted a target of interest (TOI), and the United States Coast Guard Cutter (USCGC) STONE was diverted to intercept. A helicopter from the USCGC STONE, as well as a small boat (OTH) and a long-range intercept (LRI) boat were launched to intercept the TOI, an unknown go-fast vessel (GFV), in international waters, approximately 185 nautical miles NW of the coast of Colombia.  The USCGC STONE requested from Coast Guard District 11 Command and received a statement of no objection (SNO) and use of force authorization up to and including warning shots and/or disabling fire on a vessel reasonably suspected of being without nationality, and displaying no indicia of nationality, located in international waters, and operating in a known drug trafficking area with a tarp over the vessel for concealment. The boarding team was able to gain positive control over the GFV with officer presence. The USCGC STONE small boat conducted a right of visit (ROV) boarding.

7.     During the ROV boarding, the boarding team identified the following crewmembers on board the suspect GFV: BENICIO GARCIA TELA, Honduran; DANE DAGMAR HAINS CUTHBERT, Nicaraguan; CARLOS MIGUEL

3

VILLEGAS RAMIREZ, Costa Rican; and EMMANUEL CURBELO TAYLOR, Honduran.

8.     There was no claim of nationality made for the vessel and one crewman was identified as the person in charge (PIC)/master of the suspect GFV. There was no name or flag state or other indicia of nationality. Based on the ROV boarding, Coast Guard District 11 authorized treating the GFV as stateless and therefore subject to the laws of the United States. The USCG boarding team then conducted a full law enforcement boarding.

9.     During the law enforcement boarding, the boarding team examined packages on deck in plain view.  The USCG boarding team conducted two tests of a green leafy substance utilizing narcotic identification test kits (NIK) indicating the substance tested positive for marijuana. The USCGC STONE requested and received permission to seize the contraband and treat the four crewmembers as detainees. Additionally, once on board the USCGC STONE, two additional NIK tests were run on a white powder found on some of the packages transferred to the cutter. These NIK tests were positive, indicating the presence of cocaine. Ultimately the USCGC STONE reported that the contraband from the GFV had an at-sea weight of 147 kilograms of cocaine, and 4,870 lbs. of marijuana.

## Conclusion

10.     Based upon the foregoing information, I respectfully submit that probable cause exists to believe that the following four defendants named herein, BENICIO GARCIA TELA, DANE DAGMAR HAINS CUTHBERT, CARLOS

MIGUEL VILLEGAS RAMIREZ, and EMMANUEL CURBELO TAYLOR, while aboard a vessel subject to the jurisdiction of the United States, knowingly and willfully combined, conspired, and agreed with each other and with other persons to distribute and possess with the intent to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, and 1000 kilograms or more of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance, in violation of Title 46, United States Code, Sections 70503(a) and 70506(a) and (b), and Title 21, United States Code, Section 960(b)(1)(B)(ii) and (b)(1)(G).

Charles M. Russell
Special Agent, CGIS

Affidavit submitted by email and attested to me as true and accurate by telephone consistent with Fed. R. Crim. P. 4.1 and 41 (d) (3), before me this ___ day of December, 2021.

ANTHONY E. PORCELLI
United States Magistrate Judge

5